IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN M. COOPER, #07937-025, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-582-JPG |
| | ) | |
| G. PATRICK MURPHY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate in the Big Sandy U.S. Penitentiary located in Inez, Kentucky, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case are gleaned from Plaintiff's amended complaint (Doc. 19). Plaintiff had a 3-day trial in August 2008 at the Melvin Price Federal Court House, during which Defendant Murphy was the presiding judge. When Plaintiff arrived in Defendant Murphy's courtroom, but before the jury entered, Defendants John Doe Marshal #1 and John Doe Marshal #2 cuffed Plaintiff's leg shackles to a restraint underneath the skirted table, so that he could not move away from the table. Defendants Norwood, Cox, Timmerman, John Doe Law Clerk, Clayton, and Gentle were aware that Plaintiff was so restrained during the length of the trial. Defendant Department of Justice was aware that prisoners were restrained in this manner during trials, but did nothing to stop the practice. Defendant Melvin Price Federal Court Building was the location of the trial, and thus the scene of the incident.

**Discussion:**

Plaintiff claims that his rights were violated through the use of the leg restraints during his trial. The Supreme Court has stated that due process is violated where restraints are used on an inmate during trial if the restraints are visible to the jury so as to cause undue prejudice, or if such use is not warranted by the circumstances. *Deck v. Missouri*, 544 U.S. 622 (2005). The need for restraints is a determination to be made by the trial court, and this decision will be afforded a great amount of deference. *Id.* at 649.

Here Plaintiff states that he was escorted into the courtroom and shackled before the jury was present. Plaintiff further states that the table at which he sat was surrounded by a table skirt, making it impossible for the jury to see the restraints. Thus, it cannot be said that the use of the restraints unduly influenced the jury. Further, it was the trial judge's decision whether restraints were to be used, and in this case Defendant Murphy made the determination that restraints were necessary. This Court will defer to that judgment call made by Defendant Murphy. Because the restraints used were not visible so as to cause undue prejudice, and because the trial judge determined that the use of restraints was warranted under the circumstances, the use of restraints during Plaintiff's August 2008 trial did not violate his rights.

**Pending Motions:**

On February 14, 2011 Plaintiff filed with this Court a motion for service (Doc. 17) wherein Plaintiff complained that he attempted to complete service on his own, but that he did not have the means, and requested assistance. However, service must be made by a U.S. Marshal, Deputy Marshal, or a specially appointed person, who must be at least 18 years of age and not a party to the action. FED. R. CIV. PRO. 4(c). Thus, it was improper for Plaintiff to attempt to serve process on his own.

This action has now undergone threshold review, and this Court has determined that Plaintiff has not stated a claim upon which relief can be granted. As such, this Court will not be ordering service of process on Defendants, and thus this motion is **DENIED** as moot.

**Disposition:**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This

dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Defendants **MURPHY, NORWOOD, COX, TIMMERMAN, JOHN DOE LAW CLERK, CLAYTON, JOHN DOE MARSHAL #1, JOHN DOE MARSHAL #2, GENTLE, MELVIN PRICE FEDERAL COURT BUILDING,** and **DEPARTMENT OF JUSTICE** are **DISMISSED** from this action with prejudice. The Clerk is instructed to **close this case**.

    **IT IS SO ORDERED.**

    **DATED:** 3/3/2011                                    s/ J. Phil Gilbert
                                                                                     **U.S. District Judge**